**STATE OF WEST VIRGINIA**

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.J.A.B.**

**No. 20-0572** (Cabell County 20-JA-5)

**MEMORANDUM DECISION**

Petitioner Mother K.R., by counsel Paula L. Harbour, appeals the Circuit Court of Cabell County's July 23, 2020, order terminating her parental rights to K.J.A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, David R. Tyson, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights upon conditions of neglect that were correctable.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the DHHR filed a petition alleging that petitioner abused and neglected the child at issue. According to the DHHR, petitioner's parental rights to two older children were terminated in November of 2019 due to petitioner's substance abuse, her involvement in domestic violence, and her incarceration. Specifically, petitioner tested positive for cocaine upon the birth of one of the older children at issue in the prior matter, continued to test positive for drugs while on probation for federal criminal charges, and refused to cooperate with the DHHR so that remedial services could be implemented. The DHHR alleged that, following the prior termination, petitioner gave birth to K.J.A.B. while incarcerated. Additionally, the month prior to the child's birth, petitioner attempted to escape from

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

incarceration. Based on petitioner's failure to correct the conditions of abuse and neglect from the prior proceeding, which resulted in her termination of parental rights to the older children, the DHHR filed the instant petition.

Following the petition's filing, petitioner waived her right to a preliminary hearing. Then, in March of 2020, petitioner stipulated to neglecting the child due to her incarceration and the prior involuntary termination of her parental rights to the older children.

At a dispositional hearing in June of 2020, the DHHR presented testimony from a Child Protective Services worker who indicated that petitioner did not comply with the improvement period granted in her prior abuse and neglect proceeding. According to the witness, petitioner did not participate in substance abuse treatment, mental health treatment, or any other services the DHHR offered. In fact, the witness testified that there were several months during the prior proceeding where petitioner failed to contact anyone or come to court and that the only reason petitioner was located was due to her arrest and incarceration. Because petitioner completely failed to comply with the services in the prior case in which her parental rights to two older children were terminated just two months prior to the initiation of the instant matter, the DHHR recommended termination of petitioner's parental rights. Based on petitioner's lengthy history of noncompliance in her prior case, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect at issue. Finding that it was in the child's best interests, the court then terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]According to the DHHR, the father's parental rights were also terminated below. The permanency plan for the child is adoption in the current foster home.

On appeal, petitioner argues that she will be released from jail, which necessitated the removal of her child, and, upon her release, the conditions of abuse and neglect will be corrected. This constitutes the entirety of petitioner's factual argument on appeal.[3] In support of this argument, petitioner does not indicate when, exactly, she expects to be released from incarceration or how being released will correct the conditions of abuse and neglect that have persisted across two separate proceedings, including her issues with domestic violence and substance abuse. In short, petitioner's unsupported assertion that her eventual release from incarceration will remedy all issues of abuse and neglect at issue is entirely unavailing.

Petitioner similarly asserts, without any supporting argument, that the evidence below was insufficient to support the circuit court's termination of her parental rights. This argument, however, ignores the fact that the DHHR presented evidence of petitioner's total noncompliance in her prior abuse and neglect proceeding, including a failure to participate in substance abuse treatment, mental health treatment, or any other services designed to remedy the conditions of abuse and neglect. Contrary to petitioner's bald assertion that this evidence is insufficient to terminate her parental rights, it clearly supports a finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. W. Va. Code § 49-4-604(d)(3) (providing that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future includes when the abusing parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child"). Further, the court found that termination of petitioner's parental rights was necessary for the child's welfare, which was overwhelmingly supported by evidence of petitioner's total noncompliance with remedial services in two abuse and neglect proceedings.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon these findings. Further, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find that petitioner is entitled to no relief.

---

[3]In one section of her brief, petitioner sets forth her assignment of error in a manner that asserts that termination was in error "because she is clean and sober now." However, petitioner fails to include any argument in support of her assignment of error in furtherance of the assertion that she remedied her substance abuse issues and, in fact, admitted at the dispositional hearing that she did not complete any substance abuse treatment. As such, petitioner is entitled to no relief in regard to this brief, unsupported assertion.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 23, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison